IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DISTRICT

| | |
|---|---|
| **Budd Harris** <br> 4044 Ringneck Drive <br> Jacksonville, FL 32226 | * |
| And | * |
| **Allison Harris** <br> 4044 Ringneck Drive <br> Jacksonville, FL 32226 | * |
| *Plaintiffs,* | * |
| vs. | *   Case No.: |
| **Riva Khan** <br> 8 Wyndam Ct <br> Luthervillle, MD 21093 | * |
| *Defendant.* | * |

*********************************************************************

## COMPLAINT

COMES NOW, the Plaintiff, Budd Harris, by and through undersigned counsel, files this Complaint and, for reasons therefore, states as follows:

1. That Plaintiff, Budd Harris, is a resident of Duval County, Florida.

2. That Defendant, Riva Kahn, is a resident of Baltimore, County, Maryland.

3. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because: 1) the amount in controversy exceeds the sum or value of $75,000, exclusive interest and costs; and 2) Plaintiff's state of citizenship Florida, is different from Maryland, the state of citizenship of Defendant, Riva Kahn.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant, Riva Kahn is a resident of a county in the district in which this Court is located and, additionally, because the events giving rise to the claim occurred within this judicial district.

5. That on or about September 4, 2020, Plaintiff, Budd Harris, was lawfully operating his vehicle east on Tufton Avenue towards Falls Road. The Defendant, Riva Kahn, was operating her vehicle waiting at a light on Shawan Road to turn left onto Falls Road. Defendant, Riva Kahn proceeded to make her left turn into the path of the Plaintiff causing her vehicle to strike the Plaintiff who was in the intersection.

## COUNT I

## Negligence

6. The Plaintiff adopts paragraphs 1-5 as if stated herein.

7. Defendant, Kahn operated her vehicle in a careless, reckless, and negligent manner in that she:

    a. Failed to yield the right-of-way to the Plaintiff's vehicle;

    b. Failed to reduce speed in time to avoid a collision;

    c. Failed to maintain proper and adequate control of her motor vehicle;

    d. Failed to keep a proper lookout for other vehicles lawfully upon the highway as to her perspective course of travel;

    e. Failed to steer her motor vehicle in a manner and in time to avoid a collision;

    f. Failed to observe due care and precaution for the safety of other vehicles and the occupants;

  g.  Operated, managed and controlled her motor vehicle in a careless and dangerous manner under the circumstances then and there existing;

  h.  Operated, managed and controlled her motor vehicle in a careless and dangerous manner when approaching the Plaintiff's vehicle;

  i.  Failed to yield the right of way to oncoming traffic causing her vehicle to strike the Plaintiff's vehicle;

  j.  and in other respects said Defendant was negligent.

8. Defendant, Riva Kahn owed Budd Harris a duty of care to operate her vehicle in a proper fashion and breached this duty of care by making a left turn onto Budd Harris' lane of travel striking Budd Harris' vehicle.

9. Defendant, Riva Kahn's negligence caused her vehicle to strike the Plaintiff's vehicle.

10. Defendant, Riva Kahn's negligence proximately caused Budd Harris to suffer multiple traumatic injuries including pain and injury to his knee, shoulders, chest, pelvis and hand and to suffer great mental anguish, loss of work and wages. All such injuries were caused solely by the negligence of Riva Kahn without any negligence by Budd Harris.

11. That as a further result of the negligence of the Defendant, Riva Kahn, the Plaintiff, Budd Harris, was caused to incur indebtedness to doctors, x-ray technicians and other medical specialists, for treatment of his injuries.

12. That all of the foregoing injuries, damages and losses were the result of the carelessness, recklessness and negligence of the Defendant, Riva Kahn, and were not, in any way, attributable to the Plaintiff, Budd Harris, who was at all time exercising due care, and was not in any way negligent or contributorily negligent either directly or indirectly.

**WHEREFORE**, the Plaintiff, Budd Harris, prays for judgment against the Defendant, Riva Kahn, in excess of Seventy Five Thousand Dollars ($75,000.00), plus interest and cost of this suit.

## COUNT II

## LOSS OF CONSORTIUM

13.   That Budd Harris and Allison Harris, his wife, jointly in the second separate and distinct cause of action, sues Riva Kahn, Defendant, and repeats, re-alleges and incorporates by reference in this Count of the complaint, each and every allegation heretofore stated in Count I hereof, with the same force and effect as if the same were in this County of the Complaint.

14.   That at the time of the wrongs and grievances alleged heretofore, the parties were living together as husband and wife and are still husband and wife.

15.   That because of the aforesaid negligence of the Defendant, Riva Kahn, and because of the aforesaid mentioned injuries to Budd Harris, the Plaintiff herein , there has been an interference with the marital relationship of the parties, the mutuality of their ties and obligations, pleasures, affection and companionship, and with the consortium of the parties and their mutual societies, all to their joint damage and loss, without any negligence or want of due care on the part of the Plaintiffs hereunto contribution.

**WHEREFORE,** this suit is brought and the Plaintiffs, Budd Harris and Allison Harris, sues the Defendant, Riva Kahn, and demands the sum in excess of Seventy Five Thousand Dollars ($75,000.00), plus interest and cost of this suit.

        Respectfully submitted,

        _____*/s/ Paul J. Weber*_____
        Paul J. Weber (Bar No. 03570)
        HYATT & WEBER, P.A.
        200 Westgate Circle, Suite 500
        Annapolis, Maryland  21401
        Telephone:    (410) 266-0626
        Facsimile:    (410) 841-5065
        Email:           pweber@hwlaw.com

*Counsel for Plaintiffs*
*Budd Harris and Allison Harris*